UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT and
KIMBERLY HUTCHENS,

       Plaintiffs,                              Case No. 10-cv-14176

v.                                                 Paul D. Borman
                                                   United States District Court Judge

THERESA BRENNAN,

       Defendant.
_____/


OPINION AND ORDER (1) GRANTING PLAINTIFFS' APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2) AND (2) SUMMARILY DISMISSING PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM

This matter is before the Court on Plaintiffs' Application to Proceed *In Forma Pauperis*. (Dkt. No. 2.) Having considered Plaintiffs' application pursuant to 28 U.S.C. § 1915(a), the Court GRANTS Plaintiffs' application to proceed without prepayment of fees.[1] However, for the reasons set forth below, the Court dismisses Plaintiffs' Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Section 1915(e)(2) provides that in actions filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The screening provisions of § 1915(e)(2)

---

[1] The Court notes that only Plaintiff David Scott provided the Court with the required affidavit of indigency. As no filing fee has been paid to date in this matter, the Court assumes that the Application to Proceed *In Forma Pauperis* was filed on behalf of both Plaintiff Scott and Plaintiff Kimberly Hutchens.

1

apply to both prisoner and non-prisoner actions. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-609 (6th Cir. 1997) (recognizing that "[t]he language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners," and holding that non-prisoner *in forma pauperis* complaints, while not subject to the screening provisions of 28 U.S.C. § 1915A, must still be screened under section 1915(e)(2) and must be dismissed, even before opportunity is given to amend, if they fall within the requirements of 1915(e)(2) when filed). *See also Horrigan v. Haworth*, No. 10-cv-462, 2010 WL 2490673 at * 2 (W.D. Mich. June 16, 2010) (citing *McGore*, *supra*, recognizing that § 1915(e)(2) applies to prisoner and non-prisoner cases and requires a district court to dismiss a complaint, without granting leave to amend, where the complaint falls within one of the requirements of § 1915(e)(2)(B)); *Murphy v. Shelton*, No. 08-cv-14140, 2009 WL 187714 at * 1 (E.D. Mich. Jan. 23, 2009) (citing *McGore, supra* and dismissing non-prisoner-plaintiff's *pro se* complaint against Washtenaw County Circuit Court Judge Shelton pursuant to § 1915(e)(2)(B) where the complaint failed to allege any facts supporting a claim that would defeat judicial immunity).

The Court is required to construe Plaintiffs' *pro se* Complaint liberally and hold Plaintiff's complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, § 1915(e)(2)(B) directs that this Court must nonetheless dismiss the Complaint if it fails to state a claim upon which relief may be granted. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citation omitted).

Even construing liberally Plaintiffs' *pro se* Complaint seeking injunctive relief against a state court judge, the Court concludes that it fails to state a claim upon which relief may be granted. As a general rule, judges are entitled to judicial immunity for their judicial acts except in two specific instances: "'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001) (quoting *Mireles v. Waco*, 502 U.S. 9, 9-11 (1991)). More importantly for purposes of the instant case, it is well established that an action under 42 U.S.C. § 1983 "'for injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Massey v. Stosberg*, 136 F. App'x 719, 720 (6th Cir. 2005) (quoting 42 U.S.C. § 1983 (2003) and *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)). *See also Davis v. Shumaker*, No. 08-cv-243, 2009 WL 426644 at * 3 (W.D. Mich. Feb. 19, 2009) (summarily dismissing, under 28 U.S.C. § 1915(e)(2), claims against state court judge which sought injunctive relief under 42 U.S.C. § 1983, where plaintiff's claims did not involve violation of a declaratory decree or the unavailability of declaratory relief); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 448 (E.D. Mich. 2006) (recognizing that 42 U.S.C. § 1983 prohibits an action for injunctive relief unless a declaratory decree was violated or declaratory relief was unavailable and refusing a request for such relief where plaintiff's complaint did not allege that state court judges had violated a declaratory decree or that declaratory relief was unavailable).

Plaintiffs seek "injunctive relief under 42 U.S.C. § 1983" directing Defendant Theresa Brennan, who "at all times pertinent to this Complaint [] was and remains Judge for the district court

for the county of Livingston," to allow Plaintiffs access to their state court records. (Compl. ¶¶ 5, 13.) Plaintiffs' Complaint does not involve allegations that a declaratory decree was violated or that declaratory relief was unavailable. Nor does Plaintiffs' Complaint allege that Judge Brennan acted in a non-judicial capacity or without jurisdiction. Plaintiffs have alleged no set of facts in support of their claim which could entitle them to the relief that they seek and Plaintiffs' Complaint against State Court Judge Theresa Brennan seeking injunctive relief must be dismissed for failure to state a claim upon which relief can be granted.

Accordingly, the Court GRANTS Plaintiffs' Application to Proceed *In Forma Pauperis* (Dkt. No. 2) and DISMISSES Plaintiffs' Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Any appeal from this Order wold be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore*, 114 F.3d at 610-611.

IT IS SO ORDERED.

    S/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated: November 4, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 4, 2010.

    S/Denise Goodine
    Case Manager